Kim E. Richman
**THE RICHMAN LAW GROUP**
195 Plymouth Street
Brooklyn, NY 11201
krichman@richmanlawgroup.com
212-687-8291 (telephone)
212-687-8292 (facsimile)

*Attorneys for Plaintiff*

## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| KHALID WISDOM<br><br>               Plaintiff,<br><br>     v.<br><br>THE CITY OF NEW YORK, P.O. CHRISTOP SANTIAGO (Tax ID #948507), and P.O.s "JOHN/JANE DOE" #1-20 (said names being fictitious, as the true names are presently unknown), Individually and in Their Official Capacities,<br><br>               Defendants. | 14-cv-02878(MKB)(RML)<br><br>**FIRST AMENDED COMPLAINT**<br><br>**Jury Trial Demanded** |

Plaintiff Khalid Wisdom, by his attorney, Kim E. Richman, complaining of the above-referenced defendants, respectfully alleges as follows:

### PRELIMINARY STATEMENT

1.     Plaintiff Khalid Wisdom ("Plaintiff") brings this action for compensatory damages, punitive damages, and attorney's fees pursuant to 42 U.S.C. §§ 1983, 1988 for the wrongful acts of defendants THE CITY OF NEW YORK ("CITY"), POLICE

OFFICER CHRISTOP SANTIAGO (Tax I.D. # 948507) and POLICE OFFICERS JOHN/JANE DOE #1-20 (collectively "Defendants"), all acting under color of state law and pursuant to their authority, in violation of Plaintiff's rights under the Constitution and laws of the United States and the State of New York.

### JURISDICTION

2.      This action seeks redress for violation of Plaintiff's constitutional and civil rights, pursuant to, *inter alia*, 42 U.S.C. §§ 1983, 1988, the Fourth, Fifth, and Fourteenth Amendments to the United States Constitution, and the constitution and laws of the State of New York. Plaintiff invokes this Court's jurisdiction pursuant to these constitutional and statutory provisions and pursuant to 28 U.S.C. §§ 1331, 1343.

3.      Plaintiff further invokes this Court's pendent jurisdiction over any and all state law claims that derive from the same nucleus of operative facts that gives rise to the federal claims, pursuant to 28 U.S.C. § 1367.

### VENUE

4.      Venue is properly laid in this District under 28 U.S.C. § 1391(b), this being the District in which the claim arose.

### TRIAL BY JURY

5.      Plaintiff demands a trial by jury on each and every one of their claims as pled herein pursuant to Fed. R. Civ. P. 38(b).

### PARTIES

6.      At all times relevant hereto, Plaintiff Khalid Wisdom was a resident of Brooklyn, New York, located in the Eastern District of New York.

2

7.     Defendant THE CITY OF NEW YORK ("CITY") is and was at all relevant times a municipality of the State of New York; Defendant CITY operates, manages, directs, and controls the New York City Police Department ("NYPD"), which employs Defendant POLICE OFFICER CHRISTOP SANTIAGO (Tax I.D. # 948507) and P.O.s JOHN/JANE DOE #1-20.

8.     At all times relevant to this action, Defendant POLICE OFFICER CHRISTOP SANTIAGO (Tax I.D. # 948507) and P.O.s JOHN/JANE DOE #1-20 were police officers employed by the NYPD and acting under color of state law.

9.     Defendant POLICE OFFICER CHRISTOP SANTIAGO (Tax I.D. # 948507) and P.O.s JOHN/JANE DOE #1-20 participated directly in and/or failed to intervene in the violations of Plaintiff's constitutional rights committed by the other individual Defendants.

10.     Defendant CITY was responsible for the hiring, training, supervision, discipline, retention and promotion of the police officers, captains and employees of the NYPD.

11.     At all times relevant hereto and in all their actions described herein, Defendants were acting under color of the statutes, ordinances, regulations, policies, customs and usages of Defendant CITY and its NYPD, pursuant to their authority as employees, servants and agents of the Defendant CITY, within the scope of employment and incidental to their otherwise lawful duties and functions as employees, servants, agents and officers.

## FACTS

1.     At all times relevant hereto, Plaintiff Khalid Wisdom resided in Brooklyn, New York.

2.     On or about June 29, 2013, Plaintiff and his friends were lawfully driving in a car toward Plaintiff's house when an unmarked NYPD vehicle, without reasonable suspicion or probable cause, pulled them over.

3.     Defendant P.O. Christop Santiago and P.O.s "John/Jane Doe" exited the unmarked vehicle and, still without reasonable suspicion or probable cause, presented their weapons to Plaintiff and his friends.

4.     Defendant Officers unlawfully and unreasonably demanded that Plaintiff and his friends exit the vehicle.

5.     Once Plaintiff and his friends complied and stepped out of the vehicle, Defendant Officers immediately began to search Plaintiff and his friends.

6.     At no time was there reasonable suspicion, probable cause, or any circumstances whatsoever to warrant a belief that Plaintiff's actions were unlawful or that Plaintiff was acting with an unlawful purpose.

7.     Plaintiff repeatedly asked why Defendant Officers were searching him. However, Defendant Officers ignored Plaintiff's questions, causing Plaintiff emotional distress.

8.     Without any reason to believe that Plaintiff was armed with any weapon, posed any danger to the officers, or had any contraband whatsoever, Defendant Officers handcuffed and arrested Plaintiff.

9.     Next, Defendant Officers placed Plaintiff into the unmarked vehicle and

transported him to the NYPD 62nd Precinct.

10.     Upon arrival at the Precinct, Defendant Officers unnecessarily and unjustifiably handcuffed Plaintiff to a bench located in the Juvenile Holding Room for approximately twenty-five (25) hours.

11.     At this point, Plaintiff still did not know the reason for his arrest and detainment.

12.     While handcuffed to a bench for approximately twenty-five (25) hours, Plaintiff was denied food and was not given the opportunity to place a phone call, causing him significant physical and emotional distress.

13.     At no point over the course of the twenty-five (25) hours of his ongoing unlawful detainment was Plaintiff provided with information regarding his improper arrest and detainment.

14.     After being handcuffed for an extended period of time, Plaintiff was then placed in four (4) different line-ups, but no one identified him or accused him of committing a crime.

15.     Plaintiff was then brought back to the Juvenile Holding Room where Defendant Officers again handcuffed him to a bench. Plaintiff remained handcuffed to the bench for another hour until being processed.

16.     After processing, Plaintiff was placed in a cell where he remained for approximately two (2) hours.

17.     At no point over the course of the twenty-eight (28) hours of his ongoing unlawful detainment was Plaintiff provided with information regarding his improper arrest and detainment.

18.     Plaintiff was then transported to Central Booking where Defendant P.O. Christop Santiago finally informed him that he would be charged with one count of conspiracy.

19.     Plaintiff waited at Central Booking for approximately five (5) hours until a Defendant P.O. "John Doe" informed him that the District Attorney did not want to go through with his case.

20.     On or about July 1, 2013, Plaintiff was finally released from custody after being detained for approximately thirty (30) hours. Plaintiff was let out of a side door at Central Booking.

21.     During the time Plaintiff was unjustly kept in custody and deprived of his liberty by Defendant NYPD officers, Plaintiff endured emotional distress due to being falsely accused for these alleged crimes.

22.     As a result of the aforementioned incidents and violations of his civil rights, Plaintiff Wisdom was subjected to the humiliation of being arrested, led away in full public view in front of his family and peers, and faced the stigma of being prosecuted with a felony, all of which resulted in damage to his esteem and reputation within the community.

23.     Plaintiff endured psychological trauma as a result of the humiliating treatment by Defendant Officers. Plaintiff continues to experience psychological trauma when he is in public, as he fears that he will again be falsely accused of a crime and unjustly arrested.

## CAUSES OF ACTION

**FIRST CLAIM FOR RELIEF:**
**<u>DEPRIVATION OF FEDERAL CIVIL RIGHTS</u>**

24.     Plaintiff repeats, reiterates, and re-alleges each and every allegation contained in the paragraphs above with the same force and effect as if fully set forth herein.

25.     All of the aforementioned acts of Defendants, their agents, servants, and employees were carried out under color of state law.

26.     All of the aforementioned acts deprived Plaintiff of the rights, privileges, and immunities guaranteed to citizens of the United States by, *inter alia*, the Fourth, Fifth, and Fourteenth Amendments to the Constitution of the United States and in violation of 42 U.S.C. § 1983.

27.     The acts complained of were carried out by the aforementioned individual Defendants in their capacities as police officers, with the entire actual and/or apparent authority attendant thereto.

28.     The acts complained of were carried out by the aforementioned individual Defendants in their capacities as police and law enforcement officers, pursuant to the customs, usages, practices, procedures, and rules of Defendant CITY and its NYPD, and other agencies all under the supervision of ranking officers of said departments.

29.     Defendants, collectively and individually, while acting under color of state law, engaged in conduct that constituted a custom, usage, practice, procedure, or rule of his/her respective municipality/authority that is forbidden by the Constitution of the United States.

30.     By these actions, Defendants have deprived Plaintiff of rights secured by the United States Constitution, in violation of 42 U.S.C. § 1983, for which Defendants are individually liable.

31.     Plaintiff repeats each and every allegation contained in the paragraphs above and incorporates such allegations by reference herein.

32.     By the actions described herein, Defendants intentionally caused and allowed Plaintiff to be placed in apprehension of imminent harmful and offensive contact, in violation of the Constitution and Laws of the State of New York.

33.     Defendants' actions were not in furtherance of any legitimate police interest and were not otherwise privileged.

34.     As a consequence of Defendants' actions as described herein, Plaintiff has been injured.

35.     Defendant CITY is liable under *respondeat superior* for the aforesaid injuries.

**SECOND CLAIM FOR RELIEF:**
**FALSE ARREST UNDER 42 U.S.C. § 1983**

36.     Plaintiff repeats, reiterates and re-alleges each and every allegation contained in the paragraphs above with the same force and effect as if fully set forth herein.

37.     As a result of Defendants' aforementioned conduct, Plaintiff was subject to an illegal, improper and false arrest by Defendants and taken into custody and caused to be falsely imprisoned, detained, confined, incarcerated and prosecuted by the Defendants in criminal proceedings, without any probable cause, privilege or consent.

38.     As a result of the foregoing, Plaintiff's liberty was restricted for an extended period of time, and he was put in fear for his safety and subjected to handcuffing and other physical restraints, without probable cause.

39.     As a result of his false arrest, Plaintiff was subjected to humiliation, ridicule and disgrace before his neighbors and peers. Plaintiff was discredited in the minds of many

members of his community.

## THIRD CLAIM FOR RELIEF:
## MALICIOUS ABUSE OF PROCESS UNDER 42 U.S.C. § 1983

40.     Plaintiff repeats, reiterates and re-alleges each and every allegation contained in the paragraphs above with the same force and effect as if fully set forth herein.

41.     Defendants employed regularly issued legal process by arresting, processing, and initiating criminal proceedings against Plaintiff to forbear him of liberty and the lawful use of property.

42.     Defendants acted with intent to do harm as there was at no point any reasonable suspicion or probable cause to subject Plaintiff to public humiliation, an unreasonable search, detention, arrest, booking, imprisonment, and prosecution.

43.     Defendants undertook the aforementioned acts in order to obtain a collateral objective outside the legitimate ends of the process, namely to arrest persons known to be innocent to improve the stop and frisk and arrest numbers of the NYPD, among other collateral objectives.  This abuse of power is outside of and contrary to the legitimate use of the law enforcement and criminal justice processes and undermines the civil rights of persons such as Plaintiff for whom there is no reasonable suspicion or probable cause as to any alleged criminal activity.

44.     The criminal charges against Plaintiff were terminated in his favor.

45.     As a result of Defendants' unlawful acts, Plaintiff suffered numerous violations of his constitutional rights, including deprivation of liberty following his arrest.

## FOURTH CLAIM FOR RELIEF:
## MALICIOUS PROSECUTION UNDER 42 U.S.C. 1983

46.     Plaintiff repeats, reiterates and re-alleges each and every allegation contained in the paragraphs above with the same force and effect as if fully set forth herein.

47.     Defendants initiated criminal proceedings against Plaintiff without probable cause or reason to believe that the criminal charges against him could succeed and with actual malice, thereby causing Plaintiff to be prosecuted on baseless charges for several months and to suffer a significant deprivation of liberty in connection therewith.

48.     The criminal charges against Plaintiff were terminated in his favor.

49.     Defendants and their agents, servants, and employees carried out all of the aforementioned acts under color of state law.

50.     Defendants' unlawful prosecution of Plaintiff without probable cause and denial of associated due process rights, as described herein, violated Plaintiff's rights under the Constitution, for which Defendants are individually liable.

51.     As a result of Defendants' malicious prosecution and other unlawful acts, Plaintiff was subjected to humiliation, ridicule, and disgrace before his neighbors and peers.  Further, as a result of Defendants' unlawful acts, Plaintiff was discredited in the minds of many members of the community. Plaintiff suffered and will continue to suffer mental and emotional pain and suffering, mental anguish, embarrassment and humiliation.

**FIFTH CLAIM FOR RELIEF:**
<u>**ILLEGAL STOP AND FRISK UNDER 42 U.S.C. § 1983**</u>

52.     Plaintiff repeats, reiterates and re-alleges each and every allegation contained in the paragraphs above with the same force and effect as if fully set forth herein.

53.     As a result of Defendants' aforementioned conduct during the second incident, Plaintiff was subject to an illegal and improper stop and frisk by Defendants without any reasonable suspicion of criminality or other constitutionally required grounds. Moreover this stop, frisk and the above-alleged arrest were the result of racial and/or national origin profiling.

54.     As a direct and proximate result of such acts, Defendants deprived Plaintiff of his Fourth and Fourteenth Amendment rights in violation of 42 U.S.C. §1983.

55.     As a direct and proximate result of those constitutional abuses, Plaintiff suffered and will continue to suffer physical, mental and emotional pain and suffering, mental anguish, embarrassment and humiliation.

56.     The acts of Defendants were intentional, wanton, malicious, reckless and oppressive and entitle Plaintiff to an award of punitive damages.

## SIXTH CLAIM FOR RELIEF:
## EQUAL PROTECTION UNDER 42 U.S.C. § 1983

57.     Plaintiff repeats, reiterates and re-alleges each and every allegation contained in the paragraphs above with the same force and effect as if fully set forth herein.

58.     Defendants unlawfully singled out Plaintiff and violated his First, Fourth, Fifth, and Fourteenth Amendments, in part because of his race, age and gender.

59.     Defendants and their agents, servants, and employees carried out all of the aforementioned acts under color of state law.

60.     As a result of Defendants' unlawful acts, Plaintiff was subjected to humiliation, ridicule, and disgrace before his family and peers, confinement, pain and suffering, embarrassment and emotional distress.  Further, as a result of Defendants' unlawful acts, Plaintiff was discredited in the minds of many members of the community. Plaintiff suffered and will continue to suffer mental and emotional pain and suffering, mental anguish, embarrassment and humiliation.

## SEVENTH CLAIM FOR RELIEF:
## MUNICIPAL LIABILITY UNDER 42 U.S.C. § 1983

61.     Plaintiff repeats, reiterates, and re-alleges each and every allegation contained in the paragraphs above with the same force and effect as if fully set forth herein.

62.     The acts complained of were carried out by the aforementioned individual Defendants in their capacities as police officers and officials, with the entire actual and/or apparent authority attendant thereto.

63.     The acts complained of were carried out by the aforementioned individual Defendants in their capacities as police officers and officials pursuant to the customs, policies, usages, practices, procedures, and rules of Defendant CITY and the NYPD, all under the supervision of ranking officers of said department.

64.     The foregoing customs, policies, usages, practices, procedures and rules of Defendant CITY and the NYPD constituted a deliberate indifference to the safety, well-being and constitutional rights of Plaintiff.

65.     The foregoing customs, policies, usages, practices, procedures and rules of Defendant CITY and the NYPD were the direct and proximate cause of the constitutional violations suffered by Plaintiff, as alleged herein.

66.     The foregoing customs, policies, usages, practices, procedures, and rules of Defendant CITY and the NYPD were the moving force behind the constitutional violations suffered by Plaintiff, as alleged herein.

67.     Defendants, collectively and individually, while acting under color of state law, were directly and actively involved in violating the constitutional rights of Plaintiff.

68.     Defendants, collectively and individually, while acting under color of state law, acquiesced in a pattern of unconstitutional conduct by subordinate police officers, and were directly responsible for the violation of Plaintiff's constitutional rights.

69.     Defendant CITY, as municipal policymaker in the training and supervision of the NYPD, has pursued a policy and custom of deliberate indifference to the rights of persons in its domain who suffer violation of the right to freedom from unlawful entry, negligence, and from the use of excessive and unreasonable force in violation of, *inter alia*, the Fourth, Fifth and Fourteenth Amendments to the Constitution of the United States, 42 U.S.C. § 1983, and the constitution and laws of the State of New York.

70.     All of the foregoing acts by Defendants deprived Plaintiff of federally protected rights, including, but not limited to, the right:

a.     Not to be deprived of liberty without due process of law;

b.     To be free from stop, search, seizure, arrest, imprisonment, and prosecution not based upon reasonable suspicion and probable cause;

c.     To be free from false arrest;

d.     To be free from infliction of emotional distress; and

e.     To receive equal protection under the law.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff demands judgment and prays for the following relief, jointly and severally, against Defendants:

1. Special and compensatory damages in the amount of ONE MILLION

   ($1,000,000) DOLLARS.

2. Punitive damages in the amount of ONE MILLION ($1,000,000) DOLLARS.

3. Reasonable attorney's fees and costs; and

4. Such other and further relief as this Court deems just and proper.


DATED:        New York, New York
              March 30, 2015

                              Respectfully submitted,


                              Kim E. Richman
                              **THE RICHMAN LAW GROUP**
                              195 Plymouth Street
                              Brooklyn, NY 11201
                              krichman@richmanlawgroup.com
                              212-687-8291 (telephone)
                              212-687-8292 (facsimile)

                              *Attorneys for Plaintiff*