UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

-----------------------------------------------------------------

KHALID WISDOM,

                              Plaintiff,                **ORDER**
                                                               14-CV-2878 (MKB) (RML)
            v.

THE CITY OF NEW YORK, POLICE OFFICER
CHRISTOP SANTIAGO, and POLICE OFFICERS
JOHN/JANE DOE #1–20,

                              Defendants.

-----------------------------------------------------------------

MARGO K. BRODIE, United States District Judge:

       Plaintiff Khalid Wisdom, proceeding *pro se*, commenced this action on May 4, 2014 against Defendant Police Officer Christop Santiago, alleging claims for false arrest, malicious abuse of process and malicious prosecution, pursuant to 42 U.S.C. §§ 1983 and 1988. (Docket Entry No. 1.) On October 16, 2014, attorney Kim Richman filed a notice of appearance as counsel for Plaintiff. (Notice of Appearance, Docket Entry No. 10.) On March 30, 2015, Plaintiff filed an Amended Complaint, adding the City of New York and Police Officers "John/Jane Doe" #1–20 as Defendants. (Am. Compl., Docket Entry No. 12.) Defendants answered the Amended Complaint on April 13, 2015. (Answer, Docket Entry No. 16.)

       On December 4, 2015, Plaintiff's counsel moved to withdraw from the case. (Mot. to Withdraw, Docket Entry No. 22.) On December 15, 2015, Magistrate Judge Robert M. Levy granted the motion. (Order dated Dec. 15, 2015.) On January 6, 2016, Plaintiff failed to appear at a status conference. (Min. Entry dated Jan. 6, 2016.) Judge Levy adjourned the conference to February 8, 2016 and advised Plaintiff that either Plaintiff or new counsel should appear at the adjourned conference. (*Id*.) Plaintiff did not appear at the February 8, 2016 conference. (Min.

Entry dated Feb. 9, 2016.) Plaintiff contacted Judge Levy's chambers by telephone to seek an adjournment prior to the conference but failed to submit a written adjournment request as directed. (*Id.*) At the February 8, 2016 conference, Judge Levy set a discovery deadline of May 13, 2016 and advised Plaintiff that he "must be prepared to proceed with discovery *pro se*," unless and until he obtained an attorney. (*Id.*) A copy of Judge Levy's order was mailed to Plaintiff on February 9, 2016.

On May 10, 2016, Defendants advised the Court that Plaintiff had failed to appear for a deposition on April 29, 2016. (Mot. for Extension of Time to Complete Discovery, Docket Entry No. 24.) Judge Levy granted Defendants' request for a forty-five day extension of time to complete fact discovery and for an adjournment of the May 13, 2016 conference. (Order dated May 12, 2016.) Judge Levy adjourned the conference to June 29, 2016. (*Id.*) On June 23, 2016, Plaintiff again failed to appear for a deposition. (Letter Mot. to Dismiss for Lack of Prosecution ("Letter Mot. to Dismiss"), Docket Entry No. 25.) On, June 29, 2016 Plaintiff failed to appear for the rescheduled conference. (Min. Entry dated June 29, 2016.) On June 29, 2016, Judge Levy stated that he would recommend that this action be dismissed for failure to prosecute. (*Id.*) On July 13, 2016, Defendants filed a letter in support of dismissal. (Letter Mot. to Dismiss.) By Report and Recommendation dated August 16, 2016 (the "R&R"), Judge Levy recommended that the Court dismiss Plaintiff's claims for failure to prosecute. (R&R dated Aug. 16, 2016, Docket Entry No. 26.) Judge Levy's R&R was mailed to Plaintiff via first class mail on August 16, 2016. Plaintiff has not opposed the R&R.

A district court reviewing a magistrate judge's recommended ruling "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C). "[F]ailure to object timely to a magistrate judge's report may operate

as a waiver of any further judicial review of the decision, as long as the parties receive clear notice of the consequences of their failure to object." *Eustache v. Home Depot U.S.A., Inc.*, 621 F. App'x 86, 87 (2d Cir. 2015) (quoting *United States v. Male Juvenile*, 121 F.3d 34, 38 (2d Cir. 1997)); *see also Almonte v. Suffolk Cty.*, 531 F. App'x 107, 109 (2d Cir. 2013) ("As a rule, a party's failure to object to any purported error or omission in a magistrate judge's report waives further judicial review of the point." (quoting *Cephas v. Nash*, 328 F.3d 98, 107 (2d Cir. 2003))); *Wagner & Wagner, LLP v. Atkinson, Haskins, Nellis, Brittingham, Gladd & Carwile, P.C.*, 596 F.3d 84, 92 (2d Cir. 2010) ("[A] party waives appellate review of a decision in a magistrate judge's Report and Recommendation if the party fails to file timely objections designating the particular issue." (first citing *Cephas*, 328 F.3d at 107; and then citing *Mario v. P & C Food Markets, Inc.*, 313 F.3d 758, 766 (2d Cir. 2002))).

The Court has reviewed the unopposed R&R and, finding no clear error, the Court adopts Judge Levy's R&R pursuant to 28 U.S.C. § 636(b)(1). This action is dismissed for failure to prosecute. The Clerk of Court is directed to close this case.

                SO ORDERED:

                  s/ MKB
                MARGO K. BRODIE
                United States District Judge

Dated: September 6, 2016
   Brooklyn, New York